***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 3, affirmed August 10, 2022

In the Matter of the Marriage of

Amy Anne SLAUGHTER,
*Petitioner-Respondent,*
*and*

John B. SLAUGHTER, Jr.,
*Respondent-Appellant.*

Multnomah County Circuit Court
20DR07390; A177148

Patrick W. Henry, Judge.

John B. Slaughter filed the brief *pro se*.

No appearance for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Husband appeals a dissolution judgment that was entered after he failed to appear at his dissolution trial. That judgment awarded custody to wife, established a child support amount which was reduced to zero because of husband's "special hardships," and set out a division of parenting time. Husband argues in his *pro se* brief that he would like to be heard on those issues, and on the issue of alimony and the division of retirement accounts, but that due to a telephone issue at the time of the trial, he was unable to appear. Through counsel, wife waived appearance on appeal.

Because husband did not appear at the hearing or file any post-judgment motions in the trial court, husband's claims were never presented below. As a result, husband's claims are not preserved for appellate review. ORAP 5.45(1); *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). Husband does not ask for plain error review, and even if he did, we would not find the errors claimed in his brief to meet the standard for plain error review. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Because husband's claims are not ones that we can consider for the first time on appeal, there is no basis to reverse the judgment.

Affirmed.